United States District Court
Southern District of Texas

**ENTERED**

May 24, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-105 |
| | § | |
| ROBERTO  VELIZ | § | |

## ORDER

Defendant/Movant Roberto Veliz filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on February 8, 2016. D.E. 68. Now pending before the Court is Movant's Motion for Leave to Voluntarily Dismiss Section 2255 Motion without Prejudice (D.E. 76), wherein he moves the Court to issue an Order: (1) granting him permission to voluntarily withdraw his § 2255 motion without prejudice; (2) declaring that he has until November 21, 2016 to refile a § 2255 motion with his original and additional claims; and (3) declaring that such motion will not be barred as successive under 28 U.S.C. § 2255(h). While the Government did respond to Movant's § 2255 motion, it has not responded to Movant's motion to dismiss.

Judgment was entered on October 20, 2014. Movant timely appealed to the Fifth Circuit, which affirmed the judgment and dismissed the appeal on August 24, 2015. Because Movant did not file a petition for certiorari, his judgment became final when the 90-day period to seek certiorari expired on November 22, 2015. Movant therefore has one year from November 22, 2015 to file a §2255 motion. *See* 28 U.S.C. §2255(f)(1).

Because the Government has already filed an answer, Movant's present § 2255 motion "may be dismissed at the plaintiff's request only by court order, on terms that the

1 / 2

court considers proper." FED. R. CIV. P. 41(a)(2). Unless the Order states otherwise, dismissal is without prejudice. *Id.* "[A] habeas petition refiled after dismissal without prejudice is neither second nor successive." *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (citing *In re Turner,* 101 F.3d 1323, 1323 (9th Cir. 1997); *Benton v. Washington*, 106 F.3d 162, 164–65 (7th Cir. 1996); *Dickinson v. Maine,* 101 F.3d 791, 791 (1st Cir. 1996); *Camarano v. Irvin*, 98 F.3d 44, 46–47 (2d Cir. 1996)).

The Court finds that Movant's Motion for Leave to Voluntarily Dismiss Section 2255 Motion without Prejudice (D.E. 76) should be **GRANTED**. For the reasons set forth above, he may refile a § 2255 motion on or before November 22, 2016, and said motion will not be deemed successive. Movant's Motion for Extension of Time to File Reply and to Order Prosecutor to Serve Petitioner Copies of Court Case Filings (D.E. 78) is further **DENIED AS MOOT**.[1]

ORDERED this 24th day of May, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

1. Movant complains that the Government did not serve him with a copy of its motion for summary judgment or its response to his motion for leave to dismiss. As noted above, the Government did not respond to Movant's motion to dismiss. Moreover, while the certificate of service attached to the Government's response to Movant's § 2255 motion does reference a motion for summary judgment, the Government has not filed a motion for summary judgment in this case.